# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| SONIA SIDNEY,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 21-CV-4033-LTS-KEM<br><br>**REPORT AND RECOMMENDATION** |

_____

Plaintiff Sonia Sidney seeks judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance (DI) benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Sidney argues that the ALJ erred in finding that she did not suffer any severe impairments prior to her date last insured. I recommend **affirming** the Commissioner's decision.

## I.    BACKGROUND

Sidney worked as a tutor at a community college from January to May 2016. AR 638. In the two years immediately prior (2014 and 2015), she had no earnings, but she reported completing two years of college in May 2015. AR 636, 653. Before that, she had worked as an assistant manager of a restaurant and as the manager of an adult care center. *Id*.

After finishing the tutor job in May 2016, Sidney did not work until April 2019, when she began managing a restaurant. AR 638, 653. This employment lasted only two months, however, due to Sidney's health problems. AR 638. On May 31, 2019, Sidney went to the emergency room, complaining of numbness in her hands and feet over the

last several months. AR 782. She stated that the numbness began in her fingers and toes a few years ago, and over time, spread to her arms and legs. AR 783. Two weeks later, on June 13, 2019, she met with neurologist Elizabeth Hartman, MD. AR 947-49. Sidney reported suffering tingling and numbness in both hands for the last three years, noting that the numbness affected her fine motor control and caused her to drop items frequently. *Id*. She also noted tingling in her toes that began eight months ago and gradually worsened so that by the end of May 2019, her legs felt numb, which made it difficult for her to walk and caused falls. *Id*. Her mother, accompanying Sidney at the appointment, stated that Sidney had been walking unsteadily since November 2018. *Id*. Ultimately, imaging revealed a brain abnormality and severe disc compression in Sidney's spine, and she underwent urgent spinal surgery in mid-June 2019. AR 935, 938, 961.

Shortly thereafter, on June 27, 2019, Sidney filed for DI benefits. *See* AR 11. She alleged disability since November 1, 2016, based on diabetes, sensory ataxia, poor balance, problems walking and holding things, numbness in her hands and feet, right arm tingling, and pain radiating down her right shoulder into her back. AR 653. Through the rest of 2019 and 2020, Sidney continued to complain of and seek treatment for numbness and tingling, gait instability, and back pain (which improved with treatment but did not return to baseline).

The Social Security Administration denied Sidney's application for DI benefits on initial review in August 2019 and on reconsideration in December 2019. AR 547-60. Through her past employment, Sidney had accrued coverage for DI benefits through September 30, 2017. Thus, to be entitled to DI benefits, Sidney's disability had to have begun before that date. The Social Security Administration noted that Sidney did not seek treatment for numbness and other problems until May 2019. *Id*. Thus, it found that she had not established that she suffered any severe impairments prior to her date last insured in September 2017. *Id*.

Sidney requested review before an ALJ, and the ALJ held a hearing by telephone on July 29, 2020. AR 11. On August 24, 2020, the ALJ issued a written opinion, following the five-step process outlined in the regulations.[1] AR 11-18. Like the state agency consultants, the ALJ found Sidney had not suffered any severe impairments during the relevant time period of November 1, 2016, to September 30, 2017. *Id.* Thus, the ALJ found Sidney not entitled to DI benefits. *Id.*

Sidney appealed the ALJ's decision to the Appeals Council. The Appeals Council denied review on June 2, 2021 (AR 1-3), making the ALJ's decision the final decision of the Commissioner.[2] The Appeals Council declined to exhibit additional treatment records Sidney submitted, finding that they would not have changed the outcome of the decision.[3] AR 2.

Sidney filed a timely complaint in this court, seeking judicial review of the Commissioner's decision (Doc. 1).[4] The parties briefed the issues (Docs. 15-18), and the Honorable Leonard T. Strand, Chief United States District Judge for the Northern District of Iowa, referred this case to me for a Report and Recommendation.

---

[1] "The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment is or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work." ***King v. Astrue***, 564 F.3d 978, 979 n.2 (8th Cir. 2009); *see also* **20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)**. The burden of persuasion always lies with the claimant to prove disability, but during the fifth step, the burden of production shifts to the Commissioner to demonstrate "that the claimant retains the RFC to do other kinds of work[] and . . . that other work exists." ***Goff v. Barnhart***, 421 F.3d 785, 790 (8th Cir. 2005) (quoting ***Eichelberger v. Barnhart***, 390 F.3d 584, 591 (8th Cir. 2004)).

[2] *See* **20 C.F.R. § 404.981**.

[3] These records are largely duplicative of treatment notes already in the record and are otherwise outside the relevant time period, reflecting continued treatment in 2020 and treatment for headaches in 2007.

[4] *See* **20 C.F.R. § 422.210(c)**.

## II.   DISCUSSION

A court must affirm the ALJ's decision if it "is supported by substantial evidence in the record as a whole."[5]  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."[6]  The court "do[es] not reweigh the evidence or review the factual record de novo."[7]  If, after reviewing the evidence, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, [the court] must affirm the decision."[8]

Sidney's arguments all boil down to the same thing:  substantial evidence does not support the ALJ's finding that Sidney's impairments were not severe prior to September 2017.  During step two, whether evaluating a physical or mental impairment, the ALJ must first "determine whether [a claimant] ha[s] a medically determinable . . . impairment[]" that "result[s] from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques."[9]  If the ALJ determines the claimant suffers from a medically determinable mental impairment, the ALJ must next decide whether the impairment is severe by evaluating the degree of functional limitation caused by the impairment.[10]  An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities,"—for example, the ability to walk, sit, lift, reach, see, or hear.[11]  An impairment is not severe if it "would have no more than a minimal effect on

---

[5] ***Kirby v. Astrue***, 500 F.3d 705, 707 (8th Cir. 2007); *see also* **42 U.S.C. § 405(g)**.

[6] ***Kirby***, 500 F.3d at 707.

[7] ***Naber v. Shalala***, 22 F.3d 186, 188 (8th Cir. 1994).

[8] ***Robinson v. Sullivan***, 956 F.2d 836, 838 (8th Cir. 1992).

[9] **20 C.F.R. § 404.1521**.

[10] *Id.*; **20 C.F.R. § 404.1522**.

[11] **20 C.F.R. § 404.1522**.

the claimant's ability to work."[12] "Severity is not an onerous requirement for the claimant to meet" (and has been described as a de minimus standard), "but it is also not a toothless standard."[13]

Here, although the ALJ recognized that Sidney suffered from medically determinable impairments prior to September 2017, the ALJ found none of them severe. AR 13-14. In arguing otherwise, Sidney primarily relies on a treatment record from December 2016 reflecting that she reported arthralgias in her ankles and feet, morning stiffness, and swelling in her fingers and toes. AR 762. But treatment records from September 2016 and April 2017 reflect that Sidney denied numbness and tingling in her feet. AR 760, 775.

Sidney also notes that in November 2019, she told Dr. Hartman she had developed a serious illness associated with fevers, chills, and difficulties walking and climbing stairs after a trip to London in 2015. AR 1026. She was treated with steroids, but noted the symptoms lingered for six to eight months, and her hands started to go numb around that time. *Id*. Dr. Hartman concluded that she still believed Sidney's brain abnormality was "sequelae from central pontine myelinolysis" (she had previously noted potentially caused by poorly controlled diabetes), but Dr. Hartman noted that based on the 2015 illness, "post-infection sequelae" was also a potential. AR 935, 1028.[14]

That the (potential) genesis of Sidney's severe impairment began in 2015 does not establish that the impairment itself was severe in 2015. The ALJ recognized that Sidney suffered from impairments, including sensory ataxia, prior to September 2017, but he found these impairments did not pose functional restrictions affecting Sidney's ability to

---

[12] *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (quoting *Simmons v. Massanari*, 264 F.3d 751, 755 (8th Cir. 2001)); *accord* **20 C.F.R. § 404.1522(a)**.

[13] *Kirby*, 500 F.3d at 708; *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989).

[14] Sidney refers to this treatment record and diagnosis as a "medical opinion" under the regulations, but it is not a medical opinion in the sense that it contained Dr. Hartman's opinion on Sidney's functional limitations.

work prior to that time. Here, very little treatment notes exist in the record covering the relevant time period, November 1, 2016, to September 30, 2017. *See* AR 760-87. The records that do exist generally show that Sidney's diabetes was well-controlled. AR 761, 775. And although there is one record in which Sidney complained of swelling and arthralgias in her ankles, fingers, and toes (as discussed above), this does not necessarily mean that Sidney suffered these symptoms throughout the relevant time period. As noted, two other records indicate she denied numbness and tingling in her feet.[15] And ultimately, when she began seriously complaining of numbness and other issues beginning in May 2019, she suggested the problems with balance and her lower extremities had begun within the last eight months. AR 947-49. At that time, she did report numbness and tingling in her hands for the last three years, but considering that she had never sought any treatment for these symptoms, nor complained of these symptoms at appointments for other ailments, the ALJ could find that these gradually worsening symptoms did not become severe enough to affect Sidney's ability to work until after November 2017.

If Sidney had filed an application for SSI benefits, in which the relevant time period is through the date of the ALJ's decision, the outcome likely would have been different. But substantial evidence supports the ALJ's determination that Sidney did not suffer severe impairments prior to November 2017, and therefore, I recommend **affirming** the Commissioner's decision.

### III. CONCLUSION

I recommend **affirming** the Commissioner's decision and entering judgment in favor of the Commissioner.

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure

---

[15] Sidney faults the ALJ with failing to consider her complaints of numbness, but the ALJ referred to these treatment records. *See* AR 15.

72(b).  Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.  Fed. R. Civ. P. 72.  Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[16]

**DATED** June 13, 2022.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[16] *See United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).